UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:

ANTHONY D. FIORINO,

DEBTOR.
-----------------------------------------------------------X

CHAPTER 13

Case No.: 25-22137 (cgm)

## AFFIRMATION IN OPPOSITION TO MOTION FOR ORDER PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE GRTANTING RELIEF FROM AUTOMATIC STAY

Michael L. Previto, an attorney at law duly admitted to practice before the Courts of the State of New York and the United States Bankruptcy Court for the Southern District of New York, hereby affirms the following to be true under penalty of perjury.

1. This affirmation is submitted in opposition to Velocity Commercial Capital Loan Trust's (hereinafter "Velocity") motion to modify the automatic stay. This motion was previously brought and this Court requested supplemental briefs over the issue of the reach of the automatic stay, specifically on whether the stay covers a Debtor owned LLC. Instead, the Movant has ignored the Court and commenced a new motion, which really doesn't address that issue at all.

2. This new motion fails to submit any legal issue, but instead turfs the decision off on this Court. However, I respectfully submit that the stay is in effect and should not be vacated, as will be discussed hereunder.

3. The Debtor is the 100% owner of the two LLC's that own the properties in question. It appears that only one of the properties is the subject of this motion.

4. 11 U.S.C. Section 541 states:

> (a) The commencement of a case under Section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

1

> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>
> (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is –
>
> > (A) under the sole, equal, or joint management and control of the debtor.

5. Also, although the Bankruptcy Code does not define an LLC, it broadly defines property of the estate to include "all legal or equitable interests of the debtor in property as of the ... commencement of the case." This provision extends to all property "wherever located and by whomever held." (§541, Bankruptcy Code)

6. Whether the Debtor has a legal or equitable interest in property such that it becomes "property of the estate" under Section 541 is determined by applicable state law. *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Any property of the Debtor upon which a judgment creditor might obtain a lien under state law flows to the bankruptcy estate. *See id.;* 11 U.S.C. §544(a)(1). The Movant has not taken any steps to show this Court that the stay does <u>not</u> protect the Debtor's LLCs.

7. See 11 U.S.C. §362. "It is this central aggregation of property that promotes the effectuation of the fundamental purposes of the Bankruptcy Code: the breathing room given to a debtor that attempts to make a fresh start, and the equality of distribution of assets among similarly situated creditors." 5 COLLIER ON BANKRUPTCY ¶541.01 (15th ed. Rev. 2005) *Musso v. Ostashko*.

8. Whether the Debtor's 100% ownership interest of the LLC becomes "property of the estate" under 11 U.S.C. §541 must be determined by applicable state law. *Musso v. Ostashko*, 468 F.3d 99, 105 (2d. Cir. 2006) (citing *Butner v. United States*, 440; see also *Sandra Marciano*.

9. The Movant has failed to invoke any basis for relief of the stay.

10. The courts have consistently held that an LLC <u>wholly owned</u> by the Debtor is property of the estate.

11. The courts have construed this section to <u>include</u> LLC's owned by a sole debtor.

12. The court, in *In re Albright*, 291 B.R. 538, (Bankr. D. Colo. 2003), held that the debtor was a sole member of the LLC and her membership interest in the LLC constituted personal property which became a part of the bankruptcy estate upon her filing.

13. In a similar decision, *Garrison-Ashburn, LLC*, 253 B.R. 700 (Va. 2000), the court considered the impact of the bankruptcy filing of a 50% member in an LLC. *Id.* at 704-08. It observed that much a member-debtor's 'economic rights' (the membership interest and its value) fall squarely within §541(a)(1), but so, too, do his 'non-economic rights' (such as the ability to participate in management) because §541(a)(1) is so broadly – and intentionally – drafted. *Id.* at 707-08." *In re A-Z Electronics, LLC*, 350 B.R. 886, 890 (Bankr. D. Idaho 2006).

14. In 2012, the issue was raised in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond, Virginia. In <u>*Spain v. Williams*</u> (*In re Williams*), 455 B.R. 485, 502 (Bankr. E.D. Va. 2011). In that case, the court confirmed the Garrison determination that membership interests become property of the bankrupt estate.

15. Bankruptcy courts must also look to state law to determine whether and to what extent the debtor has any legal or equitable interests in property as of the commencement of the case. *In re First Protection*, 440 B.R. 821, 828 (B.A.P. 9th Cir. 2010).

16. However, Section 541(c)(1) of the Bankruptcy Code provides that "an interest of the debtor in property becomes property of the estate… *notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law…that restricts or conditions*

*transfer of such interest by the debtor."* (Emphasis added.) in *In re First Protection*, the court held that Section 541(c)(1) "overrides both contract and state law restrictions" on the transfer of a debtor's 100 percent membership interest in an LLC. As a result, the court determined, a bankruptcy trustee" was not a mere assignee, but stepped into [the] debtors' shores, succeeding to all of their rights.

17. The debtors in *First Protection* were the 100 percent owners of the subject LLC but the court's interpretation of Section 541(c)(1) of the Bankruptcy Code would not appear to be limited to single-member LLCs and may imply that Section 541(c)(1) overrides state law restrictions on the transfer of membership interests even in multi-member LLCs.

18. The automatic stay triggered by a bankruptcy filing should protect the debtor even if the debtor does not own the property, according to a recent decision from the Second Circuit.

19. *In re Fogarty*, 39 F.4th 62, 71 (2d Cir. 2022) addressed a foreclosure on a home occupied by the debtor but owned by the debtor's limited liability company (LLC), which had not filed for bankruptcy.

20. In the *Fogarty* case, the individual debtor lived in a house owned by an LLC in which the debtor held a 99 percent membership interest. The house was subject to a mortgage to secure debt owed by the LLC.

21. The servicer obtained a judgment allowing a foreclosure sale and ignored the stay, selling the property.

22. The debtor filed a motion in her bankruptcy case seeking sanctions against the servicer for a willful violation of the automatic stay. The bankruptcy court denied the motion, but on appeal the district court reversed and instructed the bankruptcy court to determine the

4

amount of actual damages and to consider punitive damages. The Second Circuit Court of Appeals affirmed the district court's ruling in favor of the debtor.

23. Like this case, the debtor was the complete owner of the LLC, also like this case the debtor here is a guarantor and named defendant.

24. Furthermore, *Fogerty* reaffirmed the contention that the sale did violate the stay on the ground that it "an impact on the estate" even when the debtor is not a named party in an action. "If action taken against the non-bankrupt party would inevitably have an adverse impact on property of the bankrupt estate, then such action should be barred by the automatic stay." *48th St. Steakhouse*, 835 F.2d at 431; see Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003) ("The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate").

25. The Debtor through his two LLCs derives income from the rents which is crucial to assist him in reorganizing.

## THE STAY SHOULD NOT BE LIFTED FOR THE REASONS BELOW

26. As the property at issue is part of the estate, we assert that the Movant has not met their burden of lifting the stay of these properties.

27. The party seeking relief from the automatic stay has the initial burden of establishing "cause." *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999); *In re Godt*, 282 B.R. 577, (E.D.N.Y. 2002). As such, there is no "cause" here.

28. In determining whether a secured creditor's interest is adequately protected, most courts engage in an analysis of the property's 'equity cushion' – the value of the property after deducting the claim of the creditor seeking relief from the automatic stay and all senior claims."

*Nantucket Invs. v. California Fed. Bank (In re Indian Palms Assocs., Ltd.)* 61 F.3d 197, 207 (3d Cir. 1995). "Many courts have focused on the presence or absence of an equity cushion in determining whether a secured creditor has adequate protection of his collateral." *In re Cardell*, 88 B.R. 27, 632 (Bankr. D.N.J. 1998).

29. If a movant fails to demonstrate its *prima facie* case, the Court must deny the request to lift the stay. 3 COLLIER ON BANKRUPTCY ¶362.10 (16th ed. 2016).

30. The Movant herein has not made a *prima facie* case.

31. Courts should find that there is adequate protection for a secured creditor where there is equity in the property, and the equity cushion is significant. *See In re Rorie*, 98 B.R. 215, 221 (Bankr. E.D. Pa. 1989). By the Movant's own exhibits and statements, there appears to be equity in the premises of at least $200,000.00, or at least 30% of the value.

32. *In re McKillips*, 81 B.R. 454, 458 (Bankr. N.D. Ill. 1987) the Court found that "an equity cushion of 20% or more constitutes adequate protection." The equity cushion in this case exceeds the 20% as stated in *McKillips*.

33. A review of the motion, as well as Schedules A and D, shows a credit cushion in each property of well over $100,000.00.

34. To succeed on a Section 362(d)(2) motion, a secured creditor must establish that the debtor has no equity in the property and that the property is not necessary for an effective reorganization. *See Elmire Litho*, 174 B.R. 900.

35. Courts in the Second Circuit have recognized it to be "a broad and flexible concept that must be determined on a case-by-case basis." *See In re AMR Corp.*, 485 B.R. 279, 295 (Bankr. S.D.N.Y. 2013) (citing *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002)).

36. The Lender in this case has not even met its initial burden and fails to attach any of the required documentation to make such a motion.

37. The Lender fails to submit the local rules 4001 form and does not attach any valuation, but instead relies on Schedule A which clearly states 2 values far greater than the outstanding loan balances.

38. I am advised by the Debtor that he is current with the common charges.

39. Further, there are TWO properties at issue, both having loans with this Movant. It does not make sense why they have moved with regard to only ONE property. It should be further noted that there is an IDENTICAL equity cushion on this second property which further protects the Movant.

40. In the meantime, the Debtor has made all of his Plan payments and attended his first meeting of creditors.

41. Further, the Debtor will make his best efforts to be current with his adequate protection payments.

42. As such, we request that this motion be denied without prejudice or at the very least, be deferred a reasonable time so that he can catch up.

**WHEREFORE**, it is respectfully requested that this motion be denied.

Dated: August 21, 2025

Michael L. Previto
*Attorney for the Debtor*
150 Motor Parkway, Suite 401
Hauppauge, NY 11788
(631) 379-0837

To: Office of the United States Trustee
One Bowling Green, Room 510
New York, NY 10004

Thomas Frost, Esq.
Chapter 13 Trustee
399 Knollwood Rd., Ste. 102
White Plains, NY 10603

McMichael Taylor Gray LLC
28 Corporate Center Drive, Suite 104
Halfmoon, NY 12065

Gregory J. Sanda, Esq.
*Attorney for Creditor*
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE:

    ANTHONY D. FIORINO,

CHAPTER 13

Case No.: 25-22137 (cgm)

                        DEBTOR.
------------------------------------------------------------X

## CERTIFICATE OF SERVICE

    Michael L. Previto, an attorney duly admitted to practice law before the courts of the State of New York, knowing the penalties for perjury, hereby affirms that I am not a party and am over the age of 18.

    That on the 21st day of August 2025, I served a copy of the attached **AFFIRMATION IN OPPOSITION** and **ALL** supporting documents by depositing a true copy thereof in the custody and control of the United States Mail to the parties listed hereunder. That further, a copy of all papers was filed electronically in the ECF system. I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 21, 2025

                                                        Michael L. Previto
                                                        *Attorney for the Debtor*
                                                        150 Motor Parkway, Suite 401
                                                        Hauppauge, NY 11788
                                                        (631) 379-0837

To:    Office of the United States Trustee
         One Bowling Green, Room 510
         New York, NY 10004

         Thomas Frost, Esq.
         Chapter 13 Trustee
         399 Knollwood Rd., Ste. 102
         White Plains, NY 10603

         McMichael Taylor Gray LLC
         28 Corporate Center Drive, Suite 104
         Halfmoon, NY 12065

         Gregory J. Sanda, Esq.
         *Attorney for Creditor*
         3550 Engineering Drive, Suite 260
         Peachtree Corners, GA 30092